N. & A. F. TIFT, plaintiffs in error, vs. ELIZABETH NEW-
SOM, defendant in error.

(BY TWO JUDGES.)  Where a factor makes advances to a planter, and
takes a lien upon the growing crops, under Revised Code, section 1977,
such advances are in the nature of purchase-money, and the lien is,
therefore, superior to the wife's title, where the crop was set apart to
her as personalty under the homestead laws, after it was made. 20th
February, 1872.

Factor's lien. Homestead exemption. Before Judge
STROZIER. Dougherty Superior Court. June Term, 1871.

N. & A. F. Tift, factors, made advances to Newsom "for
the purpose of sustaining the plantation," of Newson, "and
his family, and in payment of the labor and other current ex-
penses of said plantation," and he gave them a written fac-
tor's lien upon the growing crop, etc. They foreclosed this
lien and had the fi. fa. levied upon part of said crop. Mrs.
Newsom claimed the property levied upon, and to sustain her
claim showed that the same had been set apart to her under
the homestead and exemption laws after said lien was made.
The Court charged that the property was not subject to the
factor's lien, and so the jury found. Said charge is assigned
as error.

D. H. POPE; HINES & HOBBS, by CLARK & GOSS, for
plaintiffs in error.

No appearance for defendant.

MONTGOMERY, Judge.

The record in this case presents but one question, to-wit: Is
a factor's lien, under Revised Code, section 1977, upon the
growing crops of a planter superior in dignity to the personal-
ty exemption of the wife, under the homestead laws, claimed
by her and granted by the Ordinary, in the crop after it is
gathered? We think it is. A homestead of realty is certain-

ly liable for "money borrowed and expended in the improvement of the homestead," and "for labor done thereon," and "material furnished therefor," and "for the purchase-money of the same." Upon what better foundation does the exemption of personalty rest? None is perceived. If none exists, it follows, that it must be liable for "material furnished therefor." And, certainly, provisions furnished to make the crop may well be considered as of this last mentioned class. The money expended in the purchase of such provisions not only vests the title to the crop in the planter, but actually creates the crop. It may at least be said to be in the nature of purchase-money.

The affidavit of plaintiff in *fi. fa.*, made for the purpose of foreclosure, states the debt to be for advances made and provisions furnished to enable the defendant in *fi. fa.* to make his crop. There is no question raised as to whether advances made in any other shape than as provisions or commercial manures furnished, can be secured by a lien capable of foreclosure, under section 1969 of the Code; and upon this point we express no opinion.

Let the judgment of the Court below be reversed.