## WILSON *vs.* PEEPLES *et al.*

Though a mortgage dated May 26th, 1872, be executed to secure the repayment of money used by the mortgagor in the purchase of real estate, it will be postponed as against the widow's dower and the year's support of the family.  Prior to the act of 1875, had the mortgage been executed to the vendor cotemporaneously with the sale, he would have been postponed, and the mortgagee in this case cannot stand in any better position.

See concurrence of BLECKLEY, J.

Equity.   Dower.   Before Judge HILLYER.   Fulton County.   At Chambers.   July 16, 1878.

To the report contained in the decision, it is only necessary to add that Wilson was the complainant, and Peeples *et al.* defendants ; and that the deed from Davis to Peeples for the lot now in controversy, was dated May 25, 1872.

N. J. HAMMOND, for plaintiff in error, cited as follows: 10 *Ga.*, 435, 438; 26 *Ib.*, 147; 38 *Ib.*, 1, 6–14; 44 *Ib.*, 306, 319; acts 1875, p. 100. Compare, 37 *Ga.*, 490; 38 *Ib.*, 121. Equitable construction, 41 *Ga.*, 620; 46 *Ib.*, 630; *Hammond vs. Drew*, (this term); Code, §§2167, 2176, 2177. Mistake, Code, §§3122, 3119; 30 *Ga.*, 203, 946.

McCAY & TRIPPE, for defendants, cited as follows: Priority of dower, 44 *Ga.*, 319, 306; 42 *Ib.*, 205; 38 *Ib.*, 1; 40 *Ib.*, 32. Act of 1875, (p. 100) not apply. Is not retrospective, Pott. Dwar. on Stat., 164, note; 18 Abb. Pr., 143; 28 *Ga.*, 601; 25 How. Pr., 416; 43 *Ga.*, 390; Code, §6. No subrogation, Spear, (S. C.,) 37; 22 Ill. 546; 15 Ind., 134; 3 Paige 117; 1 Sand. Ch., 385. On year's support, Code, §§2533, 2571; 23 *Ga.*, 235; 26 *Ib.*, 197; 39 *Ib.*, 102.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants with a prayer for relief, on substantially the following statement of facts: The late Judge Peeples wished to purchase a house and lot in the city of Atlanta of Davis, who was the owner thereof, and made application to the complainant, as his friend, residing in the city of New York, to loan him the money to pay for it. The arrangement for the loan of the money, $5,000.00, was consummated through their mutual friend, W. P. Orme, and on the 25th of May, 1872, Judge Peeples made his two promissory notes for $2,500 each, payable to the complainant, one of which became due one year after date, which has been paid, and the other became due two years after date, both of which notes were secured by a mortgage deed executed by said Peeples to complainant on the 26th of May, 1872. Although the mortgage bears date as above stated, the complainant alleges that the deed from Davis to Peeples, the notes and mortgage, were all executed at the same time. The complainant also alleges that said Peeples died in 1877 intestate, leaving said second note unpaid, that all his other property besides

said house and lot was only appraised at the sum of $5,768.25, and that the same will not now sell for one-half of its appraised value; that the widow of said intestate has applied for, and had set apart for a year's support for herself and children, the sum of $2,000,00, and all the furniture; that on the 15th of December, 1877, said intestate's widow made application to have a sum of money set apart to her in lieu of dower in said house and lot, and that the persons appointed to assign her dower in money have adjudged that she should have $850.00, and that the house and lot has been sold by the administrator of the intestate at public sale for the sum of $3,450.00; that complainant has filed objections to the payment of any part of the year's support out of the proceeds of the sale of said house and lot, and also filed objections to the monetary allowance to the widow for her dower out of the same. The complainant insists, in view of the foregoing facts, that he is entitled to have a decree of the court that his debt shall be paid out of the proceeds of the sale of the house and lot, in preference to the year's support allowed, and the monetary assignment of dower to the widow of the intestate. To this bill of the complainant the defendants demurred for want of equity. The court sustained the demurrer, and complainant excepted.

The deed from Davis to Peeples for the house and lot, was executed prior to the act of 1875, providing that when the vendor sells land and makes a deed thereto, and at the same time takes a mortgage for the purchase money, that the widow of the vendee shall not be entitled to dower in said land as against such vendor, until the purchase money is paid, therefore, the widow's claim of dower would have been good against Davis if he had not been paid the purchase money for the house and lot, and the complainant cannot be in any better condition in that respect than Davis would have been if he should be subrogated to all the rights of Davis. By the statutes of this state, the widow and children of the intestate were entitled to a year's support out of

his estate in preference to all other debts, to be appraised and allowed subject to the objections that might be made thereto by any person interested as therein provided. Code, §§2571-2573. The widow of the intestate was also entitled to dower in one-third of the lands of which he was seized and possessed at the time of his death, and no lien created by the husband in his lifetime, though assented to by the wife, could, in any manner, interfere with her right to dower. Code, §§1763-1769. It is also provided that with the assent of the executor or administrator of the estate, and the approval of the ordinary, the widow may elect, in lieu of her dower, an amount in money to belong absolutely to her, to be estimated and determined by the commissioners appointed to assign dower, and whose report shall be subject to the same objections as are admeasurements of dower in land. Both before the ordinary, and on the return of the report of the commissioners, any person interested in the question shall be allowed to become a party and be heard, and the amount so awarded shall be paid in preference to all other claims out of the proceeds of the sale of the land. Code, §1771. If the complainant has any objections to the allowance of the year's support, or to the widow's taking an amount in money to belong to her absolutely, in lieu of dower, he can be heard before the ordinary, with the right to appeal therefrom to the superior court, as fully and completely as in a court of equity.

The real trouble with the complainant is, that the intestate died before the payment of his debt, without leaving sufficient property to pay it, and the year's support for his widow and children and her claim of dower—the year's support and the widow's dower having, under the law, the superior lien for payment to the complainant's mortgage debt. There was no error in sustaining the defendants' demurrer to the complainant's bill.

Let the judgment of the court below be affirmed.

BLECKLEY, Justice, concurred in the decision, stating that

were the case between Davis and the widow, it might be different. As to that, he expressed no opinion, and did not commit himself to the reasoning on that point.

JACKSON, Justice, concurred.