## RANEW *vs.* DARLEY.

Where on the 9th of October 1873, the plaintiff in error obtained a reversal of the judgment of the court below and a *remittitur* of that date was sent to him, in accordance with the practice, as the prevailing party, and was not made the judgment of the superior court until June term 1876, and where the superior court at the October term 1875 passed an order requiring the said plaintiff to establish copies of the original bill in equity and other papers not to be found in the office of the clerk of the superior court by the next term thereafter or the case would be dismissed, and where the case was dismissed at the October term 1876, and a motion at the same term was made to set aside the judgment of dismissal and reinstate the case, and the court overruled the motion :

*Held,* that this court on such a question of practice with such laches will not control the discretion of the superior court in overruling the motion.

.JACKSON, Justice.

## STEPHENS *vs.* SMITH.

An open account for supplies furnished during the year 1877, to enable the purchaser to make his crop, and necessary for that purpose, having been reduced to judgment by suit, and a lien thereby created, the subsequent setting apart to the debtor of the corn, fodder, cotton and cotton-seed, the produce of that year, as exempt personalty under the constitution and statutes of the state, did not protect the same from levy and sale under the judgment. According to the principle ruled in *Tift vs. Newsom,* 44 *Ga.*, 600, necessary supplies for making the crop are to be regarded as "material furnished therefor", or in the nature of purchase money, and therefore outranking the exemption right.

BLECKLEY, Justice.