Wilcher *vs.* Outz *et al.*

---

WILCHER *vs.* OUTZ *et al.*

1. Where an administrator, who was complainant in a pending case, died, and no party complainant was made in his place for several years, the court did right to put the case on terms, and order that if no party complainant should be made by the next term, the case should be dismissed.

2. Where a bill was filed in 1859 by an administrator, who died in 1872, and no action was taken therein until the April term, 1880, of the superior court, when the case was put on terms to be dismissed at the October term, unless a party plaintiff should be made, on the call of the case at the April term, 1881 (nothing further having been done up to that time) it was too late for a person who had been *sui juris* ever since the death of the administrator, and had had ample opportunity to move in the case, to come in and be made a party on the ground that she was the real party in interest, and that the original suit was brought for her benefit, no reason for the delay appearing.

Practice in Superior Court.   Parties.   Before Judge FLEMING.   Dougherty Superior Court.   April Term, 1881.

Reported in the decision.

R. F. LYON; W. A. HAWKINS, for plaintiff in error.

WARREN & HOBBS; D. A. VASON for defendants.

CRAWFORD, Justice.

A bill in equity was filed in 1859 by Wright Brady, as the administrator *de bonis non* of the estate of Burton T. Dennard, deceased, against B. B. Outz, C. A. Boynton *et al.*, to set aside certain conveyances and recover a tract of land or plantation in Dougherty county, claimed by George O. Dawson. The said Dawson having died, one Seabrook, his administrator, was made a party in his stead. Brady died, and no further administration has ever been had on Dennard's estate. At the April term, 1880, the court granted the following order:

"DOUGHERTY SUPERIOR COURT, APRIL TERM, 1880.
                              Monday, April 5th, 1880.

Wright, Brady *et al.*,  
              *vs.*        ⎱ Bill, etc., Dougherty Superior Court.
  B. B. Outz *et al*     ⎰

It is ordered that parties plaintiffs be made by the next term of this court, and, in default thereof, that this case be dismissed.

Done in open court, all parties present.
                              G. J. WRIGHT, J. S. C. A. C."

At the April term, 1881, when this case was called in its order on the docket, the defendants' counsel moved, under the above order, to dismiss said cause for want of parties; counsel for the complainant, and also for Julia A. Wilcher, made an application in writing for her to be made a party complainant to the said bill. She alleged that she was the sole party interested in the case, that the same had been brought by the complainant as the administrator *de bonis non* of Burton Dennard, her deceased brother, for her benefit as his heir at law, and for the creditors of the said Dennard. That the said Wright Brady, the complainant, had long since departed this life,

and that there was no administration on the estate of the said Dennard, and there never would be, as there were no debts now in existence against him which could be a charge against the land, the subject matter of the litigation. That her former husband, William M. Brady, administered on her brother's estate and reduced the land to possession as such administrator, but died without reducing it to his possession as husband, and therefore it survived to her.

The court, after argument had, overruled the application to make the said Julia A. Wilcher a party complainant, and further ordered that the case be dismissed, to both which rulings the movant excepted and assigns the same as error.

1. The first question made by the record in this case is whether the court had the legal authority to pass the order of April term, 1880, putting this case " on terms," that is, that parties be made at the succeeding term, or the case be dismissed. The right so to order has never been questioned within the remembrance of either member of this court. If such right did not exist, then cases might linger indefinitely upon the dockets, and the court would be powerless to dispose of them, except by consent or trial.

A party coming into court to assert a right or prevent a wrong must speed his cause. He will not be permitted to have compulsory process to bring defendants into court, and then consult his convenience or pleasure as to how long he will require their presence. The time for trial is prescribed, and, unless for good cause, he must be ready. If he die, parties in interest having the right to do so, must be made parties to the cause, or else the judge will order that they be made, or that the defendants be discharged and the plaintiff's cause dismissed.

In this case the record sent up shows no action taken since the death of Wright Brady, the administrator, which appears to have taken place in 1872, until April term,

1880.   At that term the judgment *nisi* was taken, directing parties plaintiff to be made at the October term next thereafter, or the case to be dismissed.   None were made, and no attention given to the order.   At the April term, 1881, twelve months from the date of the original order, the plaintiff in error came when the case was called and insisted that the original bill, which was filed in 1859, had been filed for her benefit and that of the creditors of her deceased brother, and asked that she be made a party, as she was the sole heir of the said deceased.   The court refused to allow this to be done, and ordered the case dismissed.   In this he had the precedents of years by the superior courts, and the sanction of this court in the cases of · *Wilkes vs. Phillips*, 37 *Ga.*, 588, and *Ranew vs. Darley*, 62 *Ga.*, 177.

2.  In so far as the right of the plaintiff in error goes, to have been made a party complainant to this bill, it is one, under the facts set out in the pleadings, of some considerable doubt.   We do not hold that a party who is directly interested in the subject matter of an equity suit may not come in, in a proper case, and upon proper allegations prevent the abatement or dismissal of the same by being made a party.   But he must come at the right time or he will not be heard, unless, indeed, he shows good and sufficient legal reasons why he did not come within a reasonable time.

This plaintiff in error, as appears by the records of this court, became discovert in 1857 from her then husband, who was the first administrator of her brother, and although she may have intermarried with the said Wilcher, her present husband, she has been a *feme sole*, with the right to litigate as to her separate estate, since 1872. And yet no reason is given, no explanation made, and no cause set out for this long delay.   The order of the judge was the solemn judgment of the court; it was pregnant with meaning to all persons interested therein.   But it is said that the party was dead, and therefore the order was

a nullity.   It is true that Brady was dead, but the property and this plaintiff survived, and she says that the bill was for her benefit and that the property was hers.   Her delay and *laches* therefore have closed the rights which she might have had to be made a party to this suit.   Besides the very order shows that the counsel who had represented the complainant were present when it was taken.

Judgment affirmed.