PUFFER & SONS *v.* CALDWELL *et al.*

LUMPKIN, P. J.  1. The instrument construed in this case was plainly a mortgage conferring upon the mortgagees power to seize and sell the property and the right to become purchasers thereof at their own sale.
2. A widow's right to a year's support is superior to the lien of a mortgage given by her deceased husband upon personal property to secure the purchase-money of the same.  See *Ullman* v. *Title Company*, 96 *Ga.* 625, and cases cited.        *Judgment affirmed.  All the Justices concurring.*

Submitted June 21, — Decided August 7, 1900.

Equitable petition.  Before Judge Evans.  Bulloch superior court.  December 1, 1899.

Appraisers appointed to set apart a year's support to the widow and child of Caldwell included in their return a soda-fount, to which Puffer & Sons, from whom he had bought it, claimed title under an instrument executed by him at the time

of the sale, as security for the purchase-money. It was contended by Puffer & Sons that even if this instrument did not convey title, the lien created by it, being for purchase-money and being an incumbrance on the property at the time Caldwell took possession, was superior to the claim for a year's support. The court held that the claim for a year's support was superior to that of Puffer & Sons, and they excepted. The instrument in question was as follows: "Know all men by these presents that I, W. M. Caldwell, of Statesboro, Bulloch county, Georgia, in consideration of the sum of three hundred and seventy-five dollars paid by A. D. Puffer & Sons, of the City of Boston, . . Massachusetts, the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said A. D. Puffer & Sons the following goods and chattels [describing them]; to have and to hold, all and singular, the said goods and chattels to the said A. D. Puffer & Sons and their executors, administrators, and assigns, to their own use and behoof forever. And I hereby covenant with the grantees that I am the lawful owner of the said goods and chattels, that they are free from all incumbrances, that I have good right to sell the same as aforesaid, and that I will warrant and defend the same against the lawful claims and demands of all persons. Provided, nevertheless, that if the grantor or his executors, administrators, or assigns shall pay unto the grantees or their executors, administrators, or assigns the sum of three hundred seventy-five dollars, . . to be paid cash thirty dollars and the balance in the instalments set forth in the several notes given by the said grantor therefor [describing them], with interest at the rate of six per cent. per annum, and until such payment shall not waste or destroy the aforesaid chattels and goods, nor suffer them nor any part thereof to be attached on mesne process, and shall not, except with the consent in writing of the grantees or their representatives, attempt to sell or to remove from the premises where now located in Statesboro, Bulloch county, Georgia, the same or any part thereof, then this deed, as also twenty-four notes of even date herewith, signed by the said W. M. Caldwell, whereby he promises to pay to the grantees, or order, the said sums and interest at the time aforesaid, shall be void. But upon any default in the per-

formance of the foregoing condition, the grantees, or their executors, administrators, or assigns, are to have, and are hereby conceded, the right to take and carry away said chattels without previous demand or legal writ, and therefore to enter the premises and building where said goods may be, and may store and repair the same at the grantor's expense, and may sell the said goods and chattels at private sale in the regular and ordinary course of the said grantees' business, by public auction, first giving three days notice in writing of the time and place of sale, to the grantor or his representatives.    And out of the money arising from such sale the grantees or their representatives shall be entitled to retain all sums then secured by this mortgage, whether then or thereafter payable, including all cost, charges, and expenses incurred or sustained by them in relation to the said property, or to discharge any claims or liens of third persons affecting the same, rendering the surplus, if any, to the grantor or his executors, administrators, or assigns.    And it is agreed that the grantees or their executors, administrators, or assigns, or any persons or person in their behalf, may purchase at any sale made as aforesaid; and then, until default in the performance of the condition of this deed, the grantor and his executors, administrators, and assigns may retain possession of the above mortgaged property, and may use and enjoy the same.    In witness whereof," etc.

*H. B. Strange*, for plaintiffs, cited: 55 *Ga.* 361; 79 *Ga.* 705; 92 *Ga.* 745.

*Groover & Johnston*, for defendants, cited : Civil Code, § 2771; 100 *Ga.* 407.