CORBITT, for use, etc., *v.* NEWBERN, administrator.

The act of August 17, 1903 (Acts 1903, p. 76), which provides that whenever the vendor of personal property shall, at the time of selling and delivering such property, take a mortgage thereon to secure the purchase-money thereof, which shall expressly state that it is for such purpose, neither the widow and minor child or children, nor the minor

child or children, of the vendee shall be entitled to a year's support. in such personal property as against the vendor, his heirs, executors, administrators and assigns, until the purchase-money of said property is fully paid, has a prospective operation; and as against the right. of a widow to year's support, it did not give priority to a mortgage executed before its passage, although such mortgage recited that it. was given for purchase-money of the personal property described in it, and although the mortgagor did not die until after the passage of the act.

Submitted November 7, 1908.—Decided April 17, 1909.

Appeal. Before Judge Parker. Coffee superior court. August: 22, 1908.

*B. T. Allen,* for plaintiff in error. *J. W. Quincey,* contra.

ATKINSON, J. On September 16, 1902, Corbitt took a note from Flanders, due on November 16, 1903, and, besides the promise to. pay, the instrument contained a mortgage on a mule, and after the description were added the .words, "and for which this note is taken." It was recorded. On the note was indorsed a credit of $20, dated November 24, 1903. On August 17, 1903, an act was. approved regulating the law of year's support (Acts 1903, p. 76). Flanders died on March 29, 1904. On April 4, 1904, his widow applied for year's support. Appraisers were appointed, and to. their report a caveat was filed by Corbitt for the use of Pierce Trading Company. The case was carried to the superior court; by appeal, and was submitted to the presiding judge without a. jury. He held that, inasmuch as the mortgage was given prior to the act of 1903, the widow's claim for year's support was supe-- rior to the lien of the mortgage. The mortgagee excepted.

Prior to 1875 it was held that a widow's claim for dower and. 'year's support was superior to the lien of the mortgage for pur-- chase-money of land. On February 24, 1875 (Acts 1875, p. 100), an act was approved which provided that "whenever the vendor of land shall make a deed to land, and at the same time take a mort- gage for the purchase-money, the widow of the vendee shall not be: entitled to dower in said land as against such vendor until the pur-. chase-money is paid." In *Wilson* v. *Peeples,* 61 *Ga.* 218, it was. held that where a mortgage was executed prior to the date of such. act, a mortgage executed to secure the repayment of money used. by the mortgagor in the purchase of real estate would be postponed. to the widow's dower and the year's support of the family, although. it appeared that the mortgagor died in 1877. On September 16,,

1891 (Acts 1890-1, p. 227), the provisions of the act of 1875, preventing the taking of dower as against a purchase-money mortgage given concurrently with the execution of a deed to the vendee, were extended so as to include year's support. Both of these acts referred only to real estate. On August 17, 1903 (Acts 1903, p. 76), an act was approved which provided that "whenever the vendor of personal property shall, at the time of selling and delivering such personal property, take a mortgage thereon to secure the purchase-money thereof, neither the widow and minor child or children, nor the minor child or children, of the vendee shall be entitled to a year's support in said personal property so mortgaged, as against said vendor, his heirs, executors, administrators, and assigns, until the purchase-money of said personal property is fully paid; provided, that said purchase-money mortgage shall expressly state that the same is executed and delivered for the purpose of securing the debt for such purchase-money." The general rule is that laws have a prospective rather than a retrospective effect; and this law on its face shows that it was intended to operate in respect to sales and mortgages which should be thereafter made. It uses the future tense, not the present or past, and requires that mortgages given under it, to have the effect provided by it, "shall" contain a certain recital. It did not undertake to change the status of every instrument which might have been executed in the past, although such a paper might contain a statement similar to that provided for in the act. In principle this case is controlled by that of *Wilson* v. *Peeples,* supra. The widow's right to a year's support was superior to the lien of the mortgage, and the presiding judge properly so held.

<em>Judgment affirmed. All the Justices concur.</em>