3034. JONES, deputy sheriff, for use, etc., v. SPILLERS *et al.*

1. A mortgage lien given to a merchant for supplies, fertilizer, etc., to enable the mortgagor to make a crop, is *not superior to the statutory* exemption allowed under the Civil Code (1910), § 3416, and the personal property so set apart as exempt is not subject to be seized and sold under an execution issued on a foreclosure of the mortgage.
2. Where a fi. fa., issued on a mortgage given for supplies furnished to the mortgagor, was levied on personal property, and subsequently the property was replevied and a forthcoming bond given, but before the sale day the property was set apart as a statutory exemption under

the Civil Code (1910), § 3416, the levying officer could not make a sale of the property, and there was no breach of the forthcoming bond by reason of a failure to produce the property on the day of sale. Decided June 29, 1911.

Action on bond; from city court of Cordele—Judge Strozier. October 8, 1910.

In the year 1908 the Royal Supply Company furnished supplies, fertilizer, etc., to E. J. Spillers for the purpose of making his crop for that year, and he executed to the supply company a mortgage on his crop of cotton, corn, cane, potatoes, and peas, to secure this indebtedness. The mortgage recited that it was given for fertilizers and supplies to enable the mortgagor to make his crop for that year. The indebtedness for these supplies was not paid, and the Royal Supply Company foreclosed its mortgage and had an execution issued and levied on the mortgagor's crops, gathered and growing. The wife of the mortgagor filed her claim to a portion of the property levied on, claiming that it was not subject to the fi. fa., for the reason that it was set apart as exempt from levy and sale in accordance with the Civil Code of 1895, § 2866 (Civil Code of 1910, § 3416). She gave a forthcoming bond to the deputy sheriff. When the claim case was called for trial in the city court of Sylvester, the claim was withdrawn. Suit was brought on the forthcoming bond, the plaintiff therein alleging that there had been a breach of the bond for the reason that the property claimed had been disposed of by the claimant. Mrs. Spillers and her surety were both sued, and they filed an answer, in which they contended that there had been no breach of the bond, for the reason that the property was not subject to levy and sale, because it had been set aside as exempt in accordance with the code section cited above. On the trial of this case the plaintiff proved his allegations, and proved the value of the property set out in the forthcoming bond. In fact, these allegations were not disputed; but in support of their plea the defendants offered in evidence a properly exemplified copy of the homestead exemption granted by the ordinary. On objection this evidence was excluded by the court, and the jury returned a verdict for the plaintiff. The defendants duly made a motion for a new trial on the general grounds, and on the special ground that the court erred in excluding the documentary evidence of the homestead

exemption. The trial judge granted the motion, on two specific and controlling grounds: (1) that it was erroneous to exclude the exemption papers, for the reason that there could be no breach of the defendant's bond, inasmuch as the property had been set aside as exempt from levy and sale; and (2) that the mortgage lien on the crop, even though for supplies furnished to make the crop, unless the supplies were furnished by the landlord, was inferior to an exemption of personalty set aside in accordance with section 2866 of the Civil Code of 1895. Exceptions to the grant of a new trial on these two specific grounds were duly made, and the case was brought here for review.

*J. T. Hill, J. W. Dennard,* for plaintiff.

*Pearson Ellis,* for defendants.

HILL, C. J. (After stating the foregoing facts.)

1. The one controlling question raised by the record is whether a mortgage lien on crops, given for supplies furnished to the mortgagor to make the crops, the mortgagee not being the landlord, is superior to an exemption of personalty (or "short homestead") set aside in accordance with section 2866 of the Civil Code of 1895 (Civil Code of 1910, § 3416). This section provides that the property so set apart "shall be exempt from levy and sale by virtue of any process whatever under the laws of this State." The act of 1874 (Acts 1874, p. 19), codified in section 2873 of the Civil Code of 1895 (Civil Code of 1910, § 3423), provides that property exempted from levy and sale as provided for in section 2866, supra, "shall not be exempt from levy and sale for the purchase money, or State and county or municipal taxes," and it is insisted by the plaintiff in error that, under former rulings of the Supreme Court, supplies furnished to make the crops are in the nature of purchase money. He relies upon the case of *Tift* v. *Newsom,* 44 *Ga.* 600, in which it was held that "where a factor makes advances to a planter and takes a lien upon the growing crops, under the Revised Code [1873], § 1977 [§ 1978], such advances are in the nature of purchase money, and the lien is therefore superior to the wife's title, where the crop was set apart to her as personalty under the homestead laws, after it was made;" and it is insisted that this decision has never been overruled.

The code section referred to therein was taken from the act of 1873 (Acts 1873, p. 43), which provides that "landlords . . and

all other persons furnishing supplies, money, farming utensils, or other articles of necessity to make crops, and also 'all persons furnishing clothing and medicines, supplies, or provisions for the support of families," etc., "shall have the right to secure themselves from the crops of the year in which such things are done or furnished, upon such terms as may be agreed upon by the parties," etc. By the act of 1874 (Acts 1874, p. 18), the act of 1873, except in so far as it referred to landlords, was repealed, and section 1978 of the Code of 1873, as thus changed, appears in the Code of 1895, as section 2800, and section 2800 by its terms restricts the right of a lien for supplies furnished by landlord to tenant; and this is the law as it now stands. Civil Code (1910), § 3348. In *Watson* v. *Williams,* 110 *Ga.* 321 (35 S. E. 344), it is held that "personalty set apart as exempt under section 2866 of the Civil Code [1895] is not subject to levy and sale except for 'the purchase money' and taxes;" and in that case it was also held that "farm products so set apart are not subject to be seized under an execution issued on the foreclosure of a laborer's lien, notwithstanding it be shown that the amount due the laborer was for work done in making the products which were set apart as exempt." And in *Wilcox* v. *Cowart,* 110 *Ga.* 320 (35 S. E. 283), it is held that property exempted under section 2866 of the Civil Code of 1895 is not subject to a debt for fertilizers used thereon.

2. We deduce from these authorities and the code sections cited that, under the law as it now exists in this State, no one but a landlord has a statutory lien for supplies furnished which is superior to the statutory or what is commonly known as the "pony" exemption, or any of the exemptions not waived or not subject to waiver. The decision of the Supreme Court in the case of *Chalker* v. *Thompson,* 72 *Ga.* 478, is really controlling on the question raised in this case. In that case the Supreme Court held that where a fi. fa. was levied on property, and the defendant in fi. fa. replevied the property and gave a forthcoming bond therefor, but before the day of sale had it exempted to him as the head of a family, the levying officer could not make a sale of the property, and there was no breach of the forthcoming bond by reason of the failure to produce the property on the day of sale. We therefore conclude that the trial court was right in granting a new trial on both of the specific grounds mentioned. The documentary evidence

showing that the property levied upon, which was claimed by the wife and for which she gave a forthcoming bond, had been duly set apart as a homestead under section 2866 of the Civil Code of 1895 was admissible for the purpose of showing that there was no breach of the forthcoming bond, and also for the purpose of showing that the property so exempt and set apart was not subject to the execution·issued on the mortgage foreclosure.

*Judgment affirmed.*