7851. WARFIELD & ROBINSON *v*. YOUNG, adm'r.

In the payment of the debts of a decedent, a lien on personal property, evidenced by a purchase-money mortgage which expressly states that it is executed and delivered for the purpose of securing the debt for such purchase-money, is inferior to a lien for expenses of the decedent's funeral.

DECIDED JUNE 18, 1917.

Attachment; from city court of Macon—Judge Guerry. September 1, 1916.

*Robert W. Barnes,* for plaintiffs.

*Feagin & Hancock,* for defendant.

BROYLES, P. J. The decedent's estate consisted of a solitary mule, which was covered by a purchase-money mortgage reciting that it was given for the purpose of securing the purchase-money debt. The funeral expenses of the decedent amounted to more than the value of the mule. The trial judge held that the lien for the funeral expenses was superior to the lien for the balance of the purchase-money of the mule, and directed the administrator to pay such expenses ahead of the payment of the mortgage. The mortgagees excepted. In our opinion that decision was correct. Under section 4000 of the Code of 1910, which provides how liens shall rank in priority in the payment of the debts of a deceased person, a year's support for the family comes first, and the funeral expenses of the deceased come next. Mortgage liens are ranked in the sixth place. By the act of 1903 (Acts of 1903, p. 76, Park's Ann. Code, § 4049) it is provided that a lien of a purchase-money mortgage on personal property shall be paid out of the estate of the deceased ahead of the year's support for the family, where it is expressly stated in the mortgage that it is executed and delivered for the purpose of securing the debt for such purchase-money; and it is contended by counsel for the mortgagees that this act necessarily made the lien of such a mortgage superior to the lien for the funeral expenses, since, under the code-section cited above, the payment of the year's support for the family is ranked ahead of payment of the funeral expenses. We can not agree with this contention. The act of 1903 did not purport or attempt to regulate or change the general law as to the priority of the payment of the debts of a deceased person, as set forth in code-section 4000. It provided for one specific change in the law only, and that was,

to make the year's support for the family of the deceased inferior to the lien of a purchase-money mortgage on personal property, where the mortgage expressly states that it is given for the purpose of securing the debt for the purchase-money. The heading of the act shows that this alone was the intention of the legislature. The construction placed upon the act by counsel for the mortgagees would read into the body of the act matter which is vitally different from its title; and it is well settled law that the legislature is without authority to pass an act which contains matter entirely different from the title of the act. Civil Code (1910), §§ 6437, 6445. The act of 1903 affects property rights and must be strictly construed, and under such a construction it does not amend section 4000 except as to the particular matter therein stated, which is to make a year's support for the family inferior to the lien of a purchase-money mortgage.

   *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*