15344. GRESHAM *v.* LOGANVILLE BANKING COMPANY.

A mortgage upon crops, executed and delivered to a bank as security for a loan of money intended by both parties to be used by the borrower for the purchase of supplies necessary in making the crops, and actually used by him for that purpose, is inferior to the right of the widow of the deceased mortgagor to a year's support out of the crops, although the mortgage contains a stipulation that it was "given for the purchase-money for supplies."

DECIDED APRIL 23, 1924.

Appeal; from Walton superior court—Judge Fortson. December 13, 1923.

*Orrin Roberts,* for plaintiff.

*J. H. Felker,* for defendant.

BELL, J. On May 26, 1922, J. R. Gresham executed a mortgage to Loganville Banking Company upon described crops then in existence, in which was a stipulation that it was "given for purchase-money for supplies." Gresham died in the same year; and in September, upon the application of the widow for a year's support for herself and minor children, the appraisers appointed made a return setting aside, among other things, a part of the crops included in the mortgage. The banking company filed objections which the ordinary overruled, and the case was then appealed to the superior court, where it was tried by the presiding judge without a jury, upon an agreed statement of facts, containing those set out above and the additional fact that the mortgage was given by Gresham "for money furnished him by the bank to get supplies to make the crop set apart, [which] was used by him for that purpose." The question presented was whether, under these facts, the mortgage was superior to the year's support as to the crops. The trial judge held that it was, and the widow excepted.

In the case of *Cobb* v. *Hall*, 136 *Ga*. 254 (2) (71 S. E. 145), it was held by the Supreme Court that where one furnished money to another to buy personalty, and took from the purchaser a mortgage thereon containing a stipulation that it was given for the purchase-money of such personalty, such mortgage was superior to the claim of the widow and children of the deceased mortgagor to a year's support under the Civil Code, § 4049, which provides that the right to a year's support is inferior to a purchase-money mortgage which expressly states that it was executed and delivered for the purpose of securing the debt for such purchase-money. The Supreme Court in several earlier decisions held that where a factor sold to the head of a family fertilizers or supplies which entered into the making of his crops, the claim was in the nature of a purchase-money debt, and the crops were subject thereto as against a homestead. *Tift* v. *Newsom*, 44 *Ga*. 600; *Stephens* v. *Smith*, 62 *Ga*. 177-78; *Cook* v. *Roberts*, 69 *Ga*. 742.

The learned trial judge based his decision in this case upon the authorities referred to above, and upon them the defendant in error relies in this court for an affirmance of the judgment. We are constrained, however, to believe that the court erred in holding that the mortgage was superior to the year's support. The three cases just cited were referred to in *Martin* v. *Davis*, 104 *Ga*. 633,

635 (30 S. E. 753), as follows: "In all of those cases it appears that the exemption was allowed subsequently to the creation of the debt and the giving of the lien or the rendition of the judgment. The two cases first mentioned were adjudicated under the laws in force prior to the adoption of the constitution of 1877. The decision in the last case fails to disclose the date of the creation of the lien. It is fair to infer, however, that the transaction arose subsequently to the adoption of the constitution of 1877. However this may be, it must be admitted that those cases clearly rule that supplies and provisions furnished to make a crop, when secured by a lien, or reduced to judgment, are in the nature of 'purchase-money' or 'material furnished' for the crops so raised. It is not necessary in adjudicating the case now under review, for us to go into the question as to whether, under existing law, such crops are so subject." The Supreme Court in *Watson* v. *Williams,* 110 *Ga.* 321 (3) (35 S. E. 344), said that the rulings made in *Tift* v. *Newsom,* supra, and other cases to the like effect, "that crops set apart as exempt under the laws passed in pursuance of the provisions of the constitution of 1868 will be subject to the payment of debts due for the rent of premises on which the crops were made, and for supplies furnished during the year that the crops were made, because such claims were in the nature of purchase-money, will not be extended."

This court held in *Jones* v. *Spillers,* 9 *Ga. App.* 473 (1) (71 S. E. 777), that "a mortgage lien given to a merchant for supplies, fertilizer, etc., to enable the mortgagor to make a crop, is not superior to the statutory exemption allowed under the Civil Code (1910), § 3416, and the personal property so set apart as exempt is not subject to be seized and sold under an execution issued on a foreclosure of the mortgage." It was shown in this decision that a different conclusion would have been reached in the case of *Tift* v. *Newsom,* supra, if the law had been then as it is at this time, although, of course, if such supplies were in the nature of purchase-money then, they would be so now. We quote from the decision of this court just cited, as follows: "The code section referred to . . [in *Tift* v. *Newsom,* 44 *Ga.* 600, viz. Revised Code of 1873, § 1977 [1978]] was taken from the act of 1873 (Acts 1873, p. 43), which provides that 'landlords . . and all other persons furnishing supplies, money, farming utensils, or

other articles of necessity to make crops, and also all persons furnishing clothing and medicines, supplies, or provisions for the support of families,' etc., 'shall have the right to secure themselves from the crops of the year in which such things are done or furnished, upon such terms as may be agreed upon by the parties,' etc. By the act of 1874 (Acts 1874, p. 18) the act of 1873, except in so far as it referred to landlords, was repealed, and section 1978 of the Code of 1873, as thus changed, appears in the Code of 1895 as section 2800 [Civil Code of 1910, § 3348], and section 2800 by its terms restricts the right of a lien for supplies furnished by landlord to tenant; and this is the law as it now stands. Civil Code (1910), § 3348. In *Walson* v. *Williams,* 110 *Ga.* 321, it is held that 'personalty set apart as exempt under section 2866 of the Civil Code of 1895 [Civil Code of 1910, § 3416] is not subject to levy and sale except for the purchase-money and taxes;' and in that case it was also held that 'farm products so set apart are not subject to be seized under an execution issued on the foreclosure of a laborer's lien, notwithstanding it be shown that the amount due the laborer was for work done in making the products which were set apart as exempt."

We do not think that the decisions relied upon by counsel for the defendant in error can be followed as authority for the proposition, certainly not under the law as it now exists, that the widow's claim to a year's support for herself and minor children was inferior to the bank's mortgage. It would not have been inferior prior to the passage of the act of 1903, which is now embodied in the Civil Code (1910), § 4049. *Puffer* v. *Caldwell,* 111 *Ga.* 798 (2) (36 S. E. 927); *Corbitt* v. *Newbern,* 132 *Ga.* 457 (64 S. E. 479). This code section is as follows: "Whenever the vendor of personal property shall, at the time of selling and delivering such personal property, take a mortgage thereon to secure the purchase-money thereof, neither the widow and minor child or children, nor the minor child or children of the vendee, shall be entitled to a year's support in said personal property so mortgaged, as against said vendor, his heirs, executors, administrators, and assigns, until the purchase-money of said personal property is fully paid: Provided, that said purchase-money mortgage shall expressly state that the same is executed and delivered for the purpose of securing the debt for such purchase-money." This is an

exception to the law as it existed prior thereto, "affects property · rights, and must be strictly construed." *Warfield* v. *Young*, 20 *Ga. App.* 328, 329 (93 S. E. 28). · It does not provide that a mortgage given for something "in the nature of purchase-money" may be superior to a year's support, but that it shall be superior only when it is given for purchase-money itself, and then only when the vendor shall procure a stipulation therein stating "that the same is executed and delivered for the purpose of securing the debt for such purchase-money." The mortgage in this case does not stipulate that the mortgage was given for the purchase-money *of the crops,* but of supplies, and the mortgage upon its face does not disclose the connection of the supplies with the crops. In view of the express refusal of the Supreme Court to extend the ruling of *Tift* v. *Newsom* and similar cases, we believe that the mortgage in this case could not truthfully have recited that it was given for the purchase-money *of the crops,* as the term "purchase-money" is used in the Civil Code, § 4049. The bank's mortgage in this case was inferior to the right of the year's support, for two reasons: first, because, as to the crops, it was not a purchase-money mortgage within the purview of this code section, and, second, even if it were, it did not sufficiently comply with the terms of this section as to stipulating that it was given for the purpose of securing the purchase-money of the actual property upon which the claim of the year's support was asserted. The case could not fall within the ruling of the Supreme Court in *Cobb* v. *Hall,* unless the widow had claimed a year's support in the "supplies," for it was as to these only that the mortgage recited that it was given for purchase-money.

The Civil Code (1910), § 3349, codified from the act of 1899 (Ga. L. 1899, p. 78), provides that "the lien of mortgages on crops, which mortgages are given to secure the payment of debts for money, supplies, and other articles of necessity, including live stock, to aid in making and gathering such crops, shall be superior to judgments of older date than such mortgages." But this section has no reference to the rank of such mortgages as compared with the right of year's support. Compare .*Warfield* v. *Young,* supra.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*